Filed: January 20, 2016

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

BRIEFING ORDER - FRAP 30(c) AGENCY
_____

No. 15-2535,   City of Rockingham v. FERC
              2206-030

Briefing shall proceed on the following schedule:

| | |
|---|---|
| **Filing of record by agency:** | 02/19/2016 |
| **Filing of Rule 30(c) page-proof opening brief and service of appendix designations:** | 04/19/2016 |
| **Filing of Rule 30(c) page-proof response brief and service of additional appendix designations:** | 06/20/2016 |
| **Filing of Intervenor brief:**<br>**Filing of reply brief:**<br>**Filing of appendix:** | 07/05/2016<br>07/20/2016<br>08/10/2016 |
| **Filing of opening brief, opening/response brief, response/reply brief & any reply brief in final form:** | 08/24/2016 |

Effective October 1, 2015, the court requires only one paper copy of briefs and appendices unless the case is to be argued, in which event four paper copies are required. (Local Rules 30(b)(4) & 31(d)). The notice tentatively assigning a case for argument requires counsel to file three additional paper copies of their previously filed briefs and appendices.

Rule 30(c) page-proof briefs are filed in electronic format only; no paper copies are required. Final briefs and appendix must conform to the Fourth Circuit Brief & Appendix Requirements (available as a link from this order and at www.ca4.uscourts.gov). In preparing final briefs, the only changes the parties may

make from the page-proof versions are the addition of appendix citations, correction of typographical errors, and addition of covers and binding.

All parties to a side must join in a single brief, even in consolidated cases, unless the court has granted a motion for leave to file separate briefs pursuant to Local Rules 28(a) and 28(d).

If a case has not been scheduled for a mediation conference, but counsel believes such a conference would be beneficial, counsel should contact the Office of the Circuit Mediator directly at 843-521-4022, and a mediation conference will be scheduled. In such a case, the reason for scheduling the conference will be kept confidential.

Failure to file an opening brief within the scheduled time will lead to dismissal of the case pursuant to Local Rule 45 for failure to prosecute; failure to file a response brief will result in loss of the right to be heard at oral argument and may lead to imposition of sanctions if counsel has failed to comply with the court's directives. The court discourages motions for extension of time and grants extensions of the briefing schedule only in extraordinary circumstances upon a showing of good cause. Local Rule 31(c). If a brief is filed after its due date, the time for filing subsequent briefs will be extended by the number of days the brief was late.

Pursuant to Local Rule 34(a), the court may, on its own initiative and without prior notice, screen an appeal for decision on the parties' briefs without oral argument. If a case is selected for the oral argument calendar, counsel will receive notice that the case has been tentatively calendared for a specific court session approximately two months in advance of the session.

                /s/ PATRICIA S. CONNOR, CLERK
                By: Barbara H. Rowe, Deputy Clerk